# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

In re:                                                    )
                                                          )
SONNY DEAN BROWN and DEBRA         )      Case No. 07-43738-13-jwv
KAY BROWN,                                        )
                                                          )
            Debtors.                                 )

## MEMORANDUM ORDER

This matter comes before the Court on Debtor Debra Brown's motion for a hardship discharge under 11 U.S.C. § 1328(b). Co-debtor Sonny Dean Brown did not join in the motion because he died of a gunshot wound (or wounds) on July 2, 2008. Two creditors and the Chapter 13 trustee oppose the Debtor's motion.

To obtain a hardship discharge under § 1328(b), a debtor has the burden of proving, by a preponderance of the evidence, that: (1) the debtor's failure to complete the Chapter 13 plan is due to circumstances for which the debtor should not justly be held accountable; (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and (3) modification of the plan under § 1329 is not practicable.[1]

The Court held an evidentiary hearing on the Debtor's motion on March 16, 2009, at which time it found that the Debtor satisfied the second and third prongs of § 1328(b). The Court took under advisement the issue of whether the Debtor had met her burden of proving the first prong, *i.e.*, that her failure to complete payments under her Chapter 13 plan was due to circumstances for which she should not justly be held accountable. Upon consideration of the Debtor's testimony, counsels' arguments, and the applicable law, the Court finds that the Debtor has not met this burden.

The Debtor cannot complete her Chapter 13 plan because she lacks sufficient income to make payments under the plan. The plan requires monthly payments of $1,200. At the time Debtors Sonny and Debra Brown filed their Chapter 13 plan, their combined net income of $4,618.65 was sufficient to make payments under the plan. But the majority of that income – $4,127.75 – came

---

[1] 11 U.S.C. § 1328(b). *See also*, *In re Bandilli*, 231 B.R. 836, 839 (B.A.P. 1st Cir. 1999) (debtors bear the burden of proving all three elements of § 1328(b)).

from Sonny Brown. Consequently, when Sonny Brown died, Debra Brown was left with income of less than $500.00 a month, which has been insufficient to make the ongoing plan payments. As of March 16, 2009, the plan was $12,266.50 in arrears. Thus, the Debtor's failure to make plan payments is due to Sonny Brown's death.[2]

The cause of Sonny Brown's death is not in controversy. The Debtor admitted that she shot Sonny Brown and that he died as a result. While not expressly saying so, the Debtor seems to be contending that she should not justly be held accountable for Sonny's death because she has not been criminally charged for it.

Although it might in fact be true that the Debtor should not be held accountable for Sonny's death, she did not offer any evidence to support that contention. The Court recognizes that the Debtor and her counsel may have purposely avoided going into detail regarding the circumstances of Sonny's death for fear of the possible legal implications (criminal, civil, or contractual) of such testimony. Sharing this concern, the Court also refrained from questioning the Debtor about those circumstances. Nonetheless, the Debtor is the one seeking affirmative relief here – in the form of a hardship discharge – and it is she who bears the onus of establishing that Sonny's death was due to "circumstances for which the debtor should not justly be held accountable." As it stands, the only evidence before the Court on this issue is that the Debtor shot Sonny Brown, Sonny Brown died as a result of the shooting, and, consequently, the Debtor cannot fund the Chapter 13 plan.[3]

Therefore, for the reasons stated above, the Court finds that the Debtor has not established every element of § 1328(b). Accordingly, the Debtor's motion for a hardship discharge is hereby DENIED.

---

[2] The Debtor testified that she may receive more than $250,000 in insurance proceeds as a result of Sonny Brown's death. However, she is not willing to commit that money to the payment of her and Sonny's creditors under the plan, and it appears to the Court that the insurance proceeds are not property of the bankruptcy estate under § 541(a)(5) and are not disposable income as it is defined in § 1325(b)(2).

[3] Importantly, the Court notes that its finding that the Debtor did not prove, for purposes of § 1328(b)(1), that she should not justly be held accountable for Sonny Brown's death does not equate to a finding, for any purpose, that she is accountable for Sonny Brown's death.

**SO ORDERED** this 24th day of March 2009.

/s/ Jerry W. Venters
United States Bankruptcy Judge

A copy of the foregoing mailed electronically or
conventionally to:
David W. Lloyd
Richard V. Fink
Russell J. Kruse
Leslie K. Rosenfeld